ELECTRONICALLY FILED
10/19/2021 2:58 PM
02-CV-2021-901867.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| **State of Alabama** **Unified Judicial System** **Form ARCiv-93   Rev. 9/18** | **COVER SHEET** **CIRCUIT COURT - CIVIL CASE** (Not For Domestic Relations Cases) | Case 02 Date of Filing: 10/19/2021 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**LINDSEY J TOMPKINS v. TOUCHSTONE PARTNERS, INC.**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ YES  ☑ NO     Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
UND008

10/19/2021 2:58:08 PM
Date

/s/ Earl P Underwood Jr
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
10/19/2021 2:58 PM
02-CV-2021-901867.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF
## MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **LINDSEY J. TOMPKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TOUCHSTONE PARTNERS, INC. dba** | ) | |
| **DEBT NEGOTIATION SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1.    **COMES NOW** Lindsey J. Tompkins ("Plaintiff"), and files this Lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of Touchstone Partners, Inc. dba Debt Negotiation Services, ("DNS" or "Defendant"). Defendant negligently, knowingly and/or willfully called Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 USC § 227 et seq. ("TCPA"), the Alabama Telemarketing Act" ("ATA") Ala. Code § 8-19A-1 *et seq.* and the Alabama Telephone Solicitations Act, Ala. Code §§ 8-19C-2 through 8-19C-12 ("ATSA").

2.    Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to her acts and experiences and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## NATURE OF THIS ACTION

3.    This Complaint addresses the unlawful telemarking campaigns perpetrated upon Plaintiff by Defendant through automated robocalls made without her prior consent. Robocalling has plagued American consumers for years and is getting much worse. According to Consumer Reports, 48 billion robocalls were placed by telemarketers in the United States in 2018. This is

higher than in any previous year and is a 56.9% increase from a year earlier, https://www.consumerreports.org/robocalls/mad-about-robocalls/, and the calls continue to increase in 2019 and 2020. According to YouMail, a company that tracks robocalls, over 3.8 billion calls were made during the month of September 2020 alone.

4.     Robocalls are now the largest source of consumer complaints to the FTC, accounting for more than 65 percent of the total number of complaints.

5.     Robocalling, identified as a "scourge" by the United States government, is much more than a mere annoyance.  The constant deluge of robocalls reduces nearly every adult American's productivity in taking to the time to either answer or block the call.  The scourge of robocalls has fundamentally altered how Americans use their phones, with far fewer consumers answering unrecognized calls.   This harms legitimate callers, such as businesses and emergency agencies, who have legitimate purposes for contacting consumers by phone and are willing to do so lawfully.

6.     A significant reason the robocalling problem has exponentially increased is the low costs made possible by highly effective automated telephone dialing systems.  A simple google search for "robocalls" will reveal ads for thousands of calls for just a few dollars.  One expert estimates that robocalling every citizen in the city of Seattle would cost about $150.00, https://medium.com/@TProphet/the-broken-economics-of-robocalls-b58f4842a407.

7.     One of the most complained about telemarketing schemes relates to the sale of extended auto warranty plans through robocalling campaigns.  Some auto warranty companies, either directly or through agents, use automated systems to send thousands of unsolicited calls with messages regarding the expiration of the called party's manufacturer's warranty and an offer to sell an extended warranty.  Defendant engages in similar telemarketing campaigns.  Defendant

placed robocalls to Plaintiff, after she put her number on the National Do Not Call Registry, as part of their products' marketing.

8. Congress enacted the TCPA in 1991 to address the intrusion on personal privacy posed by automated telephone calls. Congress recognized automated calls are a nuisance, an invasion of privacy and a threat to public safety and interstate commerce. Through the TCPA, Congress provided a means for consumers to seek redress for unlawful calling practices. The TCPA prohibits telemarketing calls to cellular telephones by using either an automated telephone dialing system or prerecorded message or artificial voice messages. The TCPA also establishes a nationwide Do-Not-Call Registry ("DNCR") and prohibits telemarketing calls to numbers placed on the registry. The calls made by Defendant violate the TCPA, including the rules regarding the DNCR.

9. The calls also violate Alabama Telemarketing Act, Ala. Code § 8-19A-1 *et seq.*

10. Finally, these calls violate the Alabama Telephone Solicitations Act, Ala. Code §§ 8-19C-2 through 8-19C-12 ("ATSA").

## THE PARTIES

11. Plaintiff is a resident of Mobile, Mobile County, Alabama.

12. Defendant Touchstone Partners, Inc. dba Debt Negotiation Services is a Florida Corporation whose primary purpose is the selling and administration of debt negotiation services and whose principal business is located in Boynton Beach, Florida.

## FACTUAL ALLEGATIONS

13. The TCPA prohibits calls made to a cellular telephone using either an ATDS or prerecorded or artificial voice without the called parties' consent. For telemarketing calls, such as those placed by Defendant to Plaintiff, the TCPA requires prior express written consent by every person called.

3

14.     In 2003, the federal government established the National Do Not Call Registry ("DNCR") in an effort to protect consumers from unwanted calls. The DNCR allows consumers to register telephone numbers, thereby indicating their desire not to receive telephone solicitations at those numbers. See 47 CFR. § 64-120(c)(2). The TCPA and its implementing regulations prohibit telephone solicitation calls to telephone numbers listed on the registry. See 47 U.S.C. § 227(c); 47 CFR. § 64-1200(c)(2) (the "Do Not Call Rule"). Any person whose number is on the registry and who has received more than one telephone solicitation within a twelve (12) month period by or on behalf of the same entity may recover statutory damages under the TCPA against the violator. See 47 USC § 227(c)(5).

15.     Defendant sells and administers debt negotiation services. A major part of Defendant's marketing plan is to solicit business through telemarketing campaigns which employ automated systems to contact thousands of consumers through their cell phones in a very short period of time and at a very low cost. Upon information and belief, the telemarketing campaigns also employ prerecorded or artificial voice technology.

16.     Defendant, either directly or through agents, has robocalled thousands of Alabama consumers without their prior written express consent through the use of an ADTS and/or prerecorded or artificial voice technology. Many calls, including the calls made to Plaintiff, were made to numbers placed on the DNCR. Each call was made in violation of the TCPA.

17.     At the time Defendant made or directed the calls to Plaintiff it was aware of Alabama law and the TCPA requirements and was aware that automated calls to consumers violated Alabama law and the TCPA.

18.     Further evidence of Defendant's knowing and willful violations of the is the fact that the calls to were made through the use of "spoofing" technology. That technology is

4

purposefully designed to (1) mask the identity of the caller and (2) make the call appear to be from a local number in order to increase the likelihood that that the consumer will answer. This tactic is designed to generate business and profit while at the same time skirting the legal consequences of what the caller knows are unlawful calls. This bad faith effort to sabotage consumers' call screening efforts demonstrates the caller's knowledge that the calls are unlawful.

19.     The unlawful telemarketing calls repeatedly invaded the personal privacy of Plaintiff causing her to suffer damages, injury-in-fact and entitling her to relief provided under Alabama law and the TCPA, including 47 USC § 227(b)(3)(B).

20.     Beginning in June and July 2021, Plaintiff received a series of approximately 10 automated calls to her cellular telephone.

21.     When Plaintiff answered the calls, there was a short, multi-second delay, followed by a click and a human voice.

22.     All of the calls made by, or on behalf of, Defendant to Plaintiff were made using an "automatic telephone dialing system" ("ATDS"), as defined by 47 USC § 227(a)(1) and prohibited by 47 USC § 227(b)(1)(A). The calls displayed *indicia* of an ATDS, including the delay and click described above.

23.     Upon information and belief, at least one of the calls employed a prerecorded or artificial voice.

24.     At all times relevant herein, Plaintiff's cellular telephone number was listed on the DNCR. Plaintiff registered her cellular telephone number XXX-XXX-7378 with the DNCR for the express purpose of avoiding unwanted telemarketing calls. Plaintiff's cellular number was registered on the DNCR more than thirty-one (31) days prior to the calls.

25.     Plaintiff uses her cellular telephone number as her main residential line.

26.     The calls were made directly by Defendant, or on Defendant's behalf, by third persons working at Defendant's direction. The third-parties initiating the unlawful calls on Defendant's behalf, if any, did so with actual and/or apparent authority from Defendant and, in any event, the actions taken by said third-parties were ratified by Defendant knowingly reaping benefits, in the form of potential and actual sales, as a direct result of the unlawful calls.

27.     Defendant's calls were made for marketing Defendant's debt negotiation services, and not made for emergency purposes, as defined by 47 USC § 227(b)(1)(A)(i).

28.     The calls were made for purposes of soliciting a sale of consumer goods or services, and/or for the purpose of obtaining information that may be used for the direct solicitation of a sale of consumer goods or services.   The calls were "telemarketing calls" and "telephone solicitations" within the meaning of TCPA.

29.     The calls were not isolated occurrences and were made in the course of a pattern of repeated transactions of like nature.

30.     Upon information and belief, the ATDS used by Defendant, or on its behalf, has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

31.     Upon information and belief, the ATDS used by Defendant, or on its behalf, also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

32.     Defendant did not have prior express written consent to place the calls to Plaintiff. The telephonic communications by Defendant, or on its behalf, violated 47 USC § 227(b)(1).

33.     Defendant's calls to Plaintiff also violated the regulations promulgated under the TCPA regarding calls to consumers whose numbers are included in the DNCR.  Plaintiff received

6

one or more such call within a twelve (12) month period by Defendant, or on its behalf, in violation of the Do Not Call Rule.  47 CFR. § 64.1200(c)(2).

34.     The calls made by Defendant, or on its behalf, to Plaintiff constitute "telephone solicitation" as that term is defined at 47 USC § 227(a)(4) and 47 CFR. § 64.1200(f)(14).

35.     Through Defendant's conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

36.     Plaintiff has suffered actual damages and injury-in-fact including, but not limited to, loss of time in answering the calls and tracing their origin, the loss of use of her telephone for legitimate purposes and her productivity.  Such calls have also invaded Plaintiff's privacy and statutory rights provided under the TCPA.

37.     The harm suffered by the Plaintiff as a result of Defendant's TCPA violations bears a close relationship with the types of harm for which the law has traditionally allowed redress under common law claims for invasion of privacy, nuisance, conversion, trespass to chattel and wantonness.

## COUNT ONE

### TELEPHONE CONSUMER PROTECTION ACT

38.     Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

39.     Defendant, directly, or through agents, placed telephone calls to Plaintiff's cellular telephone without having obtained prior express written consent.

40.     The calls were made with an ATDS and/or the use of prerecorded or artificial voice.

41.     The calls were placed for the purpose of marketing, advertising and selling Defendant's debt negotiation product and services.  The calls constitute telemarketing and telephone solicitation as those terms are defined in 47 CFR § 64.1200(f)(12) and (14).

7

42.     Each call was made in violation of provisions of the TCPA, including 47 USC §
227(b)(1)(A).

43.     The unlawful telemarketing calls repeatedly invaded the personal privacy of
Plaintiff causing her to suffer damages and entitling her to relief provided under the TCPA,
including 47 USC § 227(b)(3).

44.     As a result of Defendant's negligent violations of 47 USC § 227, *et seq*., Plaintiff
is entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47
USC § 227(b)(3)(B).

45.     As a result of Defendant's knowing and/or willful violations of 43 USC § (b)(3),
Plaintiff is entitled to increased damages of up to $1,500 per violation.

## COUNT TWO

## VIOLATION OF THE TCPA'S DO NOT CALL RULE

46.     Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

47.     Defendant placed telephone calls to Plaintiff without having obtained her prior
express written consent.

48.     The calls were placed for the purpose of marketing, advertising and selling
Defendant's debt negotiation product and services.  The calls constitute "telemarketing" and
"telephone solicitation" as those terms are defined in 47 CFR § 64.1200(f)(12) and (14).

49.     Each call was made in violation of provisions of the TCPA, including 47 USC §
227(c)(3) and the Do No Call Rule promulgated pursuant to the TCPA, 47 CFR § 64.1200(c)(2).

50.     The unlawful calls repeatedly invaded the personal privacy of Plaintiff causing her
to suffer damages and entitling her to relief provided under the TCPA, including 47 USC §
227(b)(3)(B) and (c)(5).

51.     Each call was made in willful and knowing violation of the TCPA and the Do Not Call Rule.

52.     As a result of Defendant's violations of 47 USC § 227, *et seq.*, Plaintiff is entitled to an award of actual damages or statutory damages of up to $500.00, for each and every violation, pursuant to 47 USC § 227(c)(5)(B).

53.     As a result of Defendant's knowing and willful violations of 47 USC § 227, *et seq.*, Plaintiff is entitled to an award of enhanced damages of up to $1,500.00 for each and every violation, pursuant to 47 USC § 227(c)(5).

## COUNT THREE

## ALABAMA TELEMARKETING ACT

54.     Plaintiff incorporates the relevant foregoing allegations as if fully set forth herein.

55.     In 1994 Alabama adopted the "Alabama Telemarketing Act" ("ATA") Ala. Code § 8-19A-1 *et seq.*

56.     On information and belief, Defendant is not licensed in Alabama as required by Ala. Code § 8-19A-5(a) or are affiliated with an unlicensed commercial telephone seller in violation of Ala. Code § 8-19A-15(c).

57.     In addition, Defendant never gave Plaintiff the oral disclosures required by Ala. Code § 8-19A-12.

## COUNT FOUR

## ALABAMA TELEPHONE SOLICITATIONS ACT

58.     The Alabama legislature enacted the Alabama Telephone Solicitations Act ("ATSA") in 1999 to address the intrusion on personal privacy posed by unsolicited telemarketing

9

calls. It recognized such calls as "intrusive and relentless invasion of the privacy and peacefulness of home." Ala Code § 8-19C-1(4) (1975).

59.     The ATSA was passed to provide Alabama consumers the power to decide whether or not to receive telemarketing calls and provides a means for consumers to seek redress for unlawful calling practices. The ATSA prohibits telemarketing calls to consumers who have placed their numbers on the nationwide Do-Not-Call Registry ("DNCR"). The ATSA also prohibits the use of technology aimed at concealing the caller's identity, such as spoofing technology. The calls made by Defendant violate the ATSA.

60.     Defendant knowingly placed calls, or directed calls to be placed, to Plaintiff in violation of the ATSA and Plaintiff is entitled to recovery for actual damages and/or statutory damages as provided in Ala. Code § 8-19C-7.

61.     Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA and the ATSA.

62.     By registering with the Do Not Call Registry as alleged above, Plaintiff has given notice of her objection to receiving telephone solicitations within the meaning of Ala. Code Section 8-19C-2(a).

63.     Defendant also violated the ATSA by knowingly utilizing a method to block, or otherwise circumvent, the use of caller identification service thereby obscuring the source of the solicitation calls made to Plaintiff. This is a violation of Ala. Code § 8-19C-5(b).

64.     Plaintiff received multiple telephone solicitation calls within a 12-month period by, or on behalf of, Defendant in violation of Section 8-19C-2(a) and/or Section 8-19C-5(b).

10

65.   · Plaintiff has suffered actual damages and injury-in-fact, including but not limited to, loss of time in answering the calls and tracing their origin, the loss of use of her telephone for legitimate purposes and her productivity.  Such calls have also invaded Plaintiff's privacy and statutory rights provided under the ATSA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays for the following relief:

A.     An award of actual monetary loss to Plaintiff from such violations or the sum of five hundred dollars ($500.00) for each violation of the TCPA, whichever is greater;

B.     An award of enhanced statutory damages to Plaintiff for Defendant's willful and/or knowing violation of up to $1,500.00 for each such violation of the TCPA;

C.     An award of actual monetary loss to Plaintiff from each call made in violation of 47 CFR § 64.1200(c)(2) or damages of up to five hundred dollars ($500.00) for each unlawful call, whichever is greater;

D.     An award of enhanced damages to Plaintiff from each call made in knowing or willful violation of 47 CFR § 64.1200 (c)(2) of up to three times the amount the statutory damages awarded pursuant to 47 USC § 227(c)(5)(B);

E.     An Order declaring that Defendant's actions, as set out above, violate the TCPA;

F.     A declaratory Judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA; or

G.     A declaratory Judgment that Defendant used an artificial or prerecorded voice;

H.     An award of actual or statutory damages under Ala. Code § 8-19-10 and Ala. Code § 8-19A-23 plus reasonable attorneys' fees and costs;

11

I.       Two thousand dollars ($2,000.00) per call in damages for each knowing violation,

of Ala. Code § 8-19C-7; and

J.       Such other and further relief that the Court deems reasonable and just.

Respectfully submitted this the 19th day of October 2021.

> */s/ Earl P. Underwood, Jr.*
> **Earl P. Underwood, Jr.**
> **21 South Section Street**
> **Fairhope, Alabama 36532**
> **Telephone: 251-990-5558**
> **Facsimile: 251-990-0626**
> **epunderwood@alalaw.com**
> ***Attorney for Plaintiff Lindsey J. Tompkins***

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Touchstone Partners, Inc. dba Debt Negotiation Services
c/o Registered Agent Jonathan S. Sriberg
9800 Stover Way
Wellington, Florida 33414



AlaFile E-Notice

02-CV-2021-901867.00

To:  Earl P Underwood Jr
     epunderwood@gmail.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LINDSEY J TOMPKINS V. TOUCHSTONE PARTNERS, INC.
02-CV-2021-901867.00

The following complaint was FILED on 10/19/2021 2:58:09 PM

Notice Date:     10/19/2021 2:58:09 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov





**USPS CERTIFIED MAIL**

**9214 8901 7301 4102 2100 1165 82**

CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

**02-CV-2021-901867.00**

To: TOUCHSTONE PARTNERS, INC.
C/O REGISTERED AGENT JONA
9800 STOVER WAY
WELLINGTON, FL 33414

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

### LINDSEY J TOMPKINS V. TOUCHSTONE PARTNERS, INC.
### 02-CV-2021-901867.00

The following complaint was FILED on 10/19/2021 2:58:09 PM

Notice Date:      10/19/2021 2:58:09 PM

**JOJO SCHWARZAUER**
**CIRCUIT COURT CLERK**
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2021-901867.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## LINDSEY J TOMPKINS V. TOUCHSTONE PARTNERS, INC.

**NOTICE TO:** TOUCHSTONE PARTNERS, INC., C/O REGISTERED AGENT JONA 9800 STOVER WAY, WELLINGTON, FL 33414

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
Earl P Underwood Jr
,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 21 South Section Street, Fairhope, AL 36532 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of LINDSEY J TOMPKINS pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 10/19/2021 | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ Earl P Underwood Jr

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____     _____        *(Address of Server)*

*(Type of Process Server)*     *(Server's Signature)*

_____        _____

*(Server's Printed Name)*       *(Phone Number of Server)*


**UNITED STATES**
**POSTAL SERVICE**

| | **UJS Information** | |
|---|---|---|
| October 25, 2021 | Case Number: 02-CV-2021-901867.00 | Intended Recipient: |
| | Document Type: Complaint | TOUCHSTONE PARTNERS, INC. (D001) |
| Dear Circuit Clerk: | Restricted Delivery Requested: No | C/O REGISTERED AGENT JONA |
| | | 9800 STOVER WAY |
| | | WELLINGTON, FL 33414 |

The following is in response to your request for proof of delivery on your item with the tracking number:
**9214 8901 7301 4102 2100 1165 82**.

### Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | October 25, 2021, 12:16 pm |
| **Location:** | WELLINGTON, FL 33414 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

### Shipment Details

| | |
|---|---|
| **Weight:** | 4.0oz |

### Recipient Signature

| | |
|---|---|
| Signature of Recipient: | |
| Address of Recipient: | 9800 Stover Way |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004



AlaFile E-Notice

02-CV-2021-901867.00

Judge: JILL PARRISH PHILLIPS

To:  UNDERWOOD EARL PRICE JR.
     epunderwood@gmail.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LINDSEY J TOMPKINS V. TOUCHSTONE PARTNERS, INC.
02-CV-2021-901867.00

The following matter was served on 10/25/2021

**D001 TOUCHSTONE PARTNERS, INC.**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2021-901867.00

Judge: JILL PARRISH PHILLIPS

To:  TOUCHSTONE PARTNERS, INC. (PRO SE)
C/O REGISTERED AGENT JONA
9800 STOVER WAY
WELLINGTON, FL, 33414-0000

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

LINDSEY J TOMPKINS V. TOUCHSTONE PARTNERS, INC.
02-CV-2021-901867.00

The following matter was served on 10/25/2021

**D001 TOUCHSTONE PARTNERS, INC.**
**Corresponding To**
CERTIFIED MAIL
ELECTRONIC CERTIFIED MAIL RETURN

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov