IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LINDSEY J. TOMPKINS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **TOUCHSTONE PARTNERS, INC. dba** ) <br> **DEBT NEGOTIATION SERVICES, and** ) <br> **INFINITY CLIENT SOLUTIONS, LLC,** ) <br> ) <br> **Defendants.** ) <br> ) <br> ) | Case No. 1:21-cv-00510-MU <br><br> CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 et seq. <br><br> (TELEPHONE CONSUMER PROTECTION ACT) <br><br> PLAINTIFF DEMANDS TRIAL BY STRUCK JURY |

## FIRST AMENDED CLASS ACTION COMPLAINT

### INTRODUCTION

This case arises from the Defendants' intentional and repeated efforts to market their debt negotiation services and credit repair services in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and Alabama law. Plaintiff and Class Members seek damages and injunctive relief for Defendants' violations of the TCPA and Alabama law. As set forth below, they seek statutory damages, including the costs incurred in this action, and for such other, further and different relief to which they may be entitled under the circumstances. Plaintiff, on behalf of Class Members, alleges on personal knowledge, investigation of undersigned counsel, and information and belief as follows:

### PARTIES

1. Plaintiff is a natural person and a "person" as defined by 47 U.S.C. §153(39).

2. Defendant Touchstone Partners, Inc., is on information and belief, a Florida Corporation.

3. Defendant Infinity Client Solutions, LLC is, on information and belief, a Wyoming Limited Liability Company.

4. Plaintiff, an Alabama, and Mobile County resident, files this Class Action Lawsuit for damages and other legal and equitable remedies resulting from the Defendants' illegal actions. Defendants negligently, knowingly, and willfully called or caused such calls to Plaintiff and class members' cellular telephones in violation of the Telephone Consumer Protection Act, 47 USC § 227 et seq. ("TCPA"), the Alabama Telemarketing Act" ("ATA") Ala. Code § 8-19A-1 *et seq.* and the Alabama Telephone Solicitations Act, Ala. Code §§ 8-19C-2 through 8-19C-12 ("ATSA").

5. Plaintiff, for her Amended Complaint, alleges as follows upon personal knowledge of her acts and experiences and all other matters, upon information and belief, including an investigation conducted by her attorneys.

## NATURE OF THIS ACTION

6. This Amended Complaint addresses Defendants' unlawful telemarking campaigns perpetrated upon Plaintiff and class members through automated robocalls made without prior express consent. Robocalling has plagued American consumers for years and is getting much worse. According to Consumer Reports, 48 billion robocalls were placed by telemarketers in the United States in 2018. This is higher than any previous year and is a 56.9% increase from a year earlier, https://www.consumerreports.org/robocalls/mad-about-robocalls/. The calls continued to increase in 2019 and 2020. According to YouMail, a company that tracks robocalls, over 3.8 billion calls were made during September 2020 alone.

7. Robocalls have long been the FTC's largest source of consumer complaints, accounting for more than 65 percent of complaints.

8. Robocalling, identified as a "scourge" by the United States government, is more than a mere annoyance. The constant deluge of robocalls reduces nearly every adult American's productivity in taking the time to either answer or block the call. The scourge of robocalls has fundamentally altered how Americans use their phones, with far fewer consumers answering unknown calls. This harms legitimate callers, such as businesses and emergency agencies, who have legitimate purposes for contacting consumers by phone and are willing to do so lawfully.

9. A significant reason the robocalling problem has exponentially increased is the low costs made possible by highly effective automated telephone dialing systems. A simple google search for "robocalls" will reveal ads for thousands of calls for just a few dollars. One expert estimates that robocalling every citizen in Seattle would cost about $150.00, https://medium.com/@TProphet/the-broken-economics-of-robocalls-b58f4842a407.

10. One of the most complained about telemarketing schemes is the sale of extended auto warranty plans through robocalling campaigns. Defendants here engage in similar telemarketing campaigns. Defendants placed or caused to be placed robocalls to Plaintiff after she put her number on the National Do Not Call Registry while marketing their products and as part of their marketing strategies.

11. Congress enacted the TCPA in 1991 to address such intrusion on personal privacy posed by automated telephone calls. Congress recognized that automated calls are a nuisance, an invasion of privacy, and a threat to public safety and interstate commerce. Through the TCPA, Congress provided a means for consumers to seek redress for unlawful calling practices. The TCPA prohibits telemarketing calls to cellular telephones using either an automated telephone dialing system, prerecorded messages, or artificial voice messages. The TCPA also establishes a nationwide Do-Not-Call Registry ("DNCR") and prohibits telemarketing calls to numbers placed

on the registry. The calls made or caused to be made by Defendants violate the TCPA, including the rules regarding the DNCR.

12. The calls also violate Alabama Telemarketing Act, Ala. Code § 8-19A-1 *et seq*.

13. Finally, these calls violate the Alabama Telephone Solicitations Act, Ala. Code §§ 8-19C-2 through 8-19C-12 ("ATSA").

## THE PARTIES

14. Plaintiff is a resident of Mobile, Mobile County, Alabama.

15. Defendant Touchstone Partners, Inc. dba Debt Negotiation Services is a Florida Corporation whose primary purpose is selling and administering debt negotiation services and whose principal business is located in Boynton Beach, Florida.

16. Defendant Infinity Client Solutions, LLC is, on information and belief, a Wyoming Limited Liability Company.

## THE CO-CONSPIRATORS

17. Through answers to discovery requests, Plaintiff has learned that the Defendants engaged Pioneer Solutions, a corporation in the State of Haryana, India ("Pioneer"). On information and belief, Pioneer is the entity that actually placed some of the telephone calls at issue in this case, at the direction of and under the Defendants' control.

18. Pioneer obtains lead data from a vendor called Mega Global Services (Mega Global), which, on information and belief, is based in New Delhi. Mega Global generates lead data through social media inquiries and credit card debt records.

## JURISDICTION AND VENUE

19. Jurisdiction in this Court is proper under 28 U.S.C. § 1331 because Plaintiff has claims that arise under the laws of the United States. This Court has supplemental jurisdiction over the state law claims according to 28 U.S.C. § 1367. Those claims arise from operative facts common to the federal claims. This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 (hereinafter referred to as the "CAFA"), codified as 28 U.S.C. §1332(d)(2). The matter in controversy exceeds $5,000,000.00, in the aggregate, exclusive of interest and costs, as each member of the proposed Class, of at least thousands, is entitled to damages of up to $1,500.00 for each call made by Defendants in violation of the TCPA. Finally, Plaintiff alleges a national class, resulting in at least one Class member from a different state.

20. This Court also has Federal Question jurisdiction according to 28 U.S.C. §1332 and 47 U.S.C. §227.

21. Venue is proper in the United States District Court for the Southern District of Alabama, Southern Division, because a substantial part of the events or omissions giving rise to this claim occurred, among other locations, in Mobile County, Alabama. The event or omissions which took place in Mobile County, Alabama, include the "telemarketing calls" or "advertisements" directed by Defendants to Plaintiff.

22. Venue is also proper in this District because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced and because Defendants' contacts with this District are sufficient to subject Defendants to personal jurisdiction.

**FACTUAL ALLEGATIONS**

23. The TCPA prohibits calls made to a cellular telephone using either an ATDS or prerecorded or artificial voice without the called parties' consent. For telemarketing calls, such as

those placed by Defendants or their agents to Plaintiff, the TCPA requires prior express <u>written</u> consent by every person called.

24. In 2003, the federal government established the National Do Not Call Registry ("DNCR") to protect consumers from unwanted calls. The DNCR allows consumers to register telephone numbers, indicating their desire not to receive telephone solicitations at those numbers. See 47 CFR. § 64-120(c)(2). The TCPA and its implementing regulations prohibit telephone solicitation calls to telephone numbers listed on the registry. See 47 U.S.C. § 227(c); 47 CFR. § 64-1200(c)(2) (the "Do Not Call Rule"). Any person whose number is on the registry and has received more than one telephone solicitation within a twelve (12) month period by or on behalf of the same entity may recover statutory damages under the TCPA against the violator. See 47 USC § 227(c)(5).

25. Defendants sell and administer debt negotiation services. A significant part of the Defendants' marketing plan is to solicit business through telemarketing campaigns that employ automated systems to contact thousands of consumers through their cellular telephones concisely and at a meager cost. The telemarketing campaigns also use prerecorded or artificial voice technology upon information and belief.

26. Touchstone is provided leads by its marketing vendors after potential clients execute a client agreement through such a vendor.

27. Touchstone utilizes the services of Infinity to generate potential client leads.

28. Touchtone, directly or through agents, such as Infinity, has robocalled thousands of American consumers without their prior written express consent using an ADTS and prerecorded or artificial voice technology. Many calls, including the calls made to Plaintiff, were made to numbers placed on the DNCR. Each call was made in violation of the TCPA.

29. When the Defendants made or directed the calls to Plaintiff, they were aware of Alabama law, and TCPA requirements and that automated calls to consumers violated Alabama law and the TCPA.

30. Further evidence of the Defendants' knowing, and willful violations is that Touchstone was sued for the same or similar conduct in the Northern District of Texas Case No. 16-02054.

31. The calls to were made using "spoofing" technology. That is technology purposefully designed to (1) mask the identity of the caller and (2) make the call appear to be from a number likely to increase the likelihood that the consumer will answer. This tactic is designed to generate business and profit while simultaneously skirting the legal consequences of what the caller knows are unlawful calls. This bad-faith effort to sabotage consumers' call screening efforts demonstrates the caller's knowledge that the calls are illegal.

32. In June and July 2021, Plaintiff received approximately six automated calls to her cellular telephone.

33. Specifically, Plaintiff, on the dates below, received the following calls:

6/22/2021 - 844-936-6008
6/27/2021 – 800-766-6786
6/29/2021 - 847-989-0038
6/29/2021 - 844-936-6008

7/7/2021 - 833-684-0577
7/7/2021 - 702-590-9700

34. At the filing of this amended complaint, the numbers Plaintiff was called from are no longer active.

35. The unlawful telemarketing calls repeatedly invaded the personal privacy of Plaintiff, causing her to suffer damages, and injury-in-fact and entitling her to the relief provided under Alabama law and the TCPA, including 47 USC § 227(b)(3)(B).

36. When Plaintiff answered the calls, there was a short, multi-second delay, followed by a click and a human voice.

37. All of the calls made by, or on behalf of, Defendants to Plaintiff were made using an "automatic telephone dialing system" ("ATDS"), as defined by 47 USC § 227(a)(1) and prohibited by 47 USC § 227(b)(1)(A). The calls displayed *indicia* of an ATDS, including the delay and click described above.

38. Plaintiff lost the use of her cellular telephone each time she received one of these calls.

39. She was also caused to lose time and effort while obtaining a record of calls she received during the relevant periods.

40. Upon information and belief, at least one of the calls employed a prerecorded or artificial voice.

41. At all times relevant herein, Plaintiff's cellular telephone number was listed on the DNCR. Plaintiff registered her cellular telephone number XXX-XXX-7876 with the DNCR to avoid unwanted telemarketing calls. Plaintiff's cellular number was registered on the DNCR more than thirty-one (31) days before the calls.

42. Plaintiff uses her cellular telephone number as her main residential line.

43. The calls were made directly by Defendants, or on Defendants' behalf, by third persons working at Defendants' direction. The third-parties initiating the unlawful calls on Defendants' behalf, if any, did so with actual and apparent authority from Defendants and, in any

event, the actions taken by said third-parties were ratified by Defendants knowingly reaping benefits, in the form of potential and actual sales, as a direct result of the unlawful calls.

44. Defendants' calls were made for marketing Defendants' debt negotiation services, and not made for emergency purposes, as defined by 47 USC § 227(b)(1)(A)(i).

45. The calls were made to solicit a sale of consumer goods or services or to obtain information that may be used for the direct solicitation of a sale of consumer goods or services. The calls were "telemarketing calls" and "telephone solicitations" within the meaning of TCPA.

46. The calls were not isolated occurrences and were made in a pattern of repeated transactions of like nature.

47. Upon information and belief, the ATDS used by Defendants, or on their behalf, has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

48. Upon information and belief, the ATDS used by Defendants, or on their behalf, also has the capacity to dial telephone numbers stored as a list or in a database without human intervention.

49. Defendants did not have prior express written consent to place the calls to Plaintiff. The telephonic communications by Defendants, or on their behalf, violated 47 USC § 227(b)(1).

50. Defendants' calls to Plaintiff also violated the regulations promulgated under the TCPA regarding calls to consumers whose numbers are included in the DNCR. Plaintiff received one or more such calls within a twelve (12) month period by Defendants, or on their behalf, violating the Do Not Call Rule. 47 CFR. § 64.1200(c)(2).

51. The calls made by Defendants, or on their behalf, to Plaintiff constitute "telephone solicitation" as that term is defined at 47 USC § 227(a)(4) and 47 CFR. § 64.1200(f)(14).

52. Through Defendants' conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, specifically addressed and protected by the TCPA.

53. Plaintiff has suffered actual damages and injury-in-fact including, but not limited to, loss of time in answering the calls and tracing their origin, the loss of use of her telephone for legitimate purposes, and her productivity. Such calls have also invaded Plaintiff's privacy and statutory rights provided under the TCPA.

54. The harm suffered by Plaintiff due to Defendants' TCPA violations bears a close relationship with the types of injury for which the law has traditionally allowed redress under common law claims for invasion of privacy, nuisance, conversion, trespass to chattel, and wantonness.

## COUNT ONE
## TELEPHONE CONSUMER PROTECTION ACT

55. Plaintiff incorporates the preceding relevant allegations as if fully set forth herein.

56. Defendants, directly or through agents, placed telephone calls to Plaintiff's cellular telephone without obtaining prior express written consent.

57. The calls were made with an ATDS and the use of prerecorded or artificial voice.

58. The calls were placed for marketing, advertising, and selling Defendants' debt negotiation products and services. The calls constitute telemarketing and telephone solicitation as those terms are defined in 47 CFR § 64.1200(f)(12) and (14).

59. Each call was made in violation of provisions of the TCPA, including 47 USC § 227(b)(1)(A).

60. The unlawful telemarketing calls repeatedly invaded Plaintiff's privacy, causing her to suffer damages and entitling her to the relief provided under the TCPA, including 47 USC § 227(b)(3).

61. As a result of Defendants' negligent violations of 47 USC § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for every infringement under 47 USC § 227(b)(3)(B).

62. Due to Defendants' knowing and willful violations of 43 USC § (b)(3), Plaintiff is entitled to increased damages of up to $1,500 per violation.

## COUNT TWO
## VIOLATION OF THE TCPA'S DO NOT CALL RULE

63. Plaintiff incorporates the preceding relevant allegations as if fully set forth herein.

64. Defendants placed telephone calls to Plaintiff without obtaining her prior express written consent.

65. The calls were placed for marketing, advertising, and selling Defendants' debt negotiation products and services. The calls constitute "telemarketing" and "telephone solicitation," as those terms are defined in 47 CFR § 64.1200(f)(12) and (14).

66. Each call was made in violation of provisions of the TCPA, including 47 USC § 227(c)(3) and the Do Not Call Rule promulgated under the TCPA, 47 CFR § 64.1200(c)(2).

67. The unlawful calls repeatedly invaded the personal privacy of Plaintiff, causing her to suffer damages and entitling her to the relief provided under the TCPA, including 47 USC § 227(b)(3)(B) and (c)(5).

68. Each call was made in willful and knowing violation of the TCPA and the Do Not Call Rule.

69. As a result of Defendants' violations of 47 USC § 227, *et seq.*, Plaintiff is entitled to an award of actual damages or statutory damages of up to $500.00 for each violation, according to 47 USC § 227(c)(5)(B).

70. As a result of Defendants, knowing and willful violations of 47 USC § 227, et seq., Plaintiff is entitled to enhanced damages of up to $1,500.00 for every violation under 47 USC § 227(c)(5).

## COUNT THREE
## ALABAMA TELEMARKETING ACT

71. Plaintiff incorporates the preceding relevant allegations as if fully set forth herein.

72. In 1994, Alabama adopted the "Alabama Telemarketing Act" ("ATA") Ala. Code § 8-19A-1 *et seq*.

73. On information and belief, Defendants are not licensed in Alabama as required by Ala. Code § 8-19A-5(a) or are affiliated with an unlicensed commercial telephone seller in violation of Ala. Code § 8-19A-15(c).

74. Defendants failed to give Plaintiff the oral disclosures required by Ala. Code § 8-19A-12.

## COUNT FOUR
## ALABAMA TELEPHONE SOLICITATIONS ACT

75. The Alabama legislature enacted the Alabama Telephone Solicitations Act ("ATSA") in 1999 to address the intrusion on personal privacy posed by unsolicited telemarketing calls. It recognized such calls as "intrusive and relentless invasion of the privacy and peacefulness of home." Ala Code § 8-19C-1(4) (1975).

76. The ATSA was passed to provide Alabama consumers the power to decide whether or not to receive telemarketing calls and provides a means for consumers to seek redress for unlawful calling practices. The ATSA prohibits telemarketing calls to consumers who have placed their numbers on the nationwide Do-Not-Call Registry ("DNCR"). The ATSA also prohibits using

technology to conceal the caller's identity, such as spoofing technology. The calls made by Defendants violate the ATSA.

77. Defendants knowingly placed or directed calls to Plaintiff in violation of the ATSA. Plaintiff is entitled to recovery for actual damages and statutory damages provided in Ala. Code § 8-19C-7.

78. Through Defendants' conduct above, Plaintiff suffered an invasion of a legally protected interest in privacy, specifically addressed and protected by the TCPA and the ATSA.

79. By registering with the Do Not Call Registry as alleged above, Plaintiff has given notice of her objection to receiving telephone solicitations within the meaning of Ala. Code Section 8-19C-2(a).

80. Defendants also violated the ATSA by knowingly utilizing a method to block or circumvent caller identification service, thereby obscuring the source of the solicitation calls made to Plaintiff. This is a violation of Ala. Code § 8-19C-5(b).

81. Plaintiff received multiple telephone solicitation calls within 12 months by Defendants in violation of Section 8-19C-2(a) and Section 8-19C-5(b).

82. Plaintiff has suffered actual damages and injury-in-fact, including but not limited to loss of time in answering the calls and tracing their origin, the loss of use of her telephone for legitimate purposes, and her productivity. Such calls have also invaded Plaintiff's privacy and statutory rights provided under the ATSA.

## Class Action Allegations

83. Plaintiff incorporates and realleges every allegation above and incorporates the same herein by reference.

84. Plaintiff brings this action individually and on behalf of all other persons similarly situated (from now on referred to as "the Class") under Rule 23, *Federal Rules of Civil Procedure*.

85. Plaintiff proposes the following Class definition, subject to amendments as appropriate:

> All persons within the United States who, since 12:01 a.m. on June 29, 2018, through the date of the certification of a class herein, received a telephone call initiated by, on behalf of, or at the direction of Defendants that related to or promoted goods or services offered by Touchtone.

Collectively all these persons will be referred to as "Class Members." Plaintiff represents and is a member of the Class.

86. Excluded from this Class are all who received calls made to a business or commercial landline and persons that have already settled or otherwise compromised their claims against Defendants. Also excluded from the Class are the Defendants and any entity in which the Defendants have a controlling interest, the Defendants' agents and employees, and Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and all people who submit timely and otherwise proper requests for exclusion from the Class.

87. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class Members number, at minimum, in the thousands.

88. The acts of Defendants have harmed Plaintiff and all Class Members.

89. This Class Action seeks injunctive relief and money damages.

90. The joinder of all Class members is impracticable due to the size of the Class and the relatively modest value of each individual claim.

91. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

92. The Class can be identified easily through records maintained by Defendants.

93. There are well-defined, nearly identical questions of law and fact affecting all parties.

94. Such common questions of law and fact include, but are not limited to, the following:

a. Whether Defendants initiated telephone calls using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party

b. Whether Defendants' messages constitute "telemarketing" and "advertisement" within the meaning of the TCPA and its implementing regulations;

c. Whether Defendants can meet their burden of showing that they obtained prior express written consent to initiate telephone calls to class members using an artificial or prerecorded voice;

d. Whether Defendants' conduct was knowing and willful;

e. Whether Defendants are liable for minimum statutory damages;

f. Whether Defendants are liable for treble damages; and

g. Whether Defendants should be enjoined from engaging in such conduct in the future.

95. Plaintiff's TCPA claims are typical of each Class Member. Plaintiff received non-emergency telemarketing calls, placed by or at the direction of Defendants. The calls were made without Plaintiff's prior express written consent as defined by the TCPA.

96. Plaintiff will fairly and adequately represent and protect the interests of the Class.

97. Plaintiff has no interests that are antagonistic to any Class Member.

98. Plaintiff has retained counsel experienced in handling claims involving violations of federal consumer protection statutes, including claims under the TCPA.

99. A class action is the superior method for this controversy's fair and efficient adjudication.

100. Class-wide relief is essential to compel Defendants to comply with the TCPA and state law.

101. The interest of the Class Members in individually pursuing claims against Defendants is slight because the statutory damages for an individual action are relatively small and therefore do not likely deter Defendants from engaging in the same behavior in the future.

102. Management of these claims is likely to present significantly fewer difficulties than in many class claims because the calls at issue were all non-emergency telephone calls placed to Class Members by Defendants without Class Members' prior express written consent as required by the TCPA.

103. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

104. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, for herself and on behalf of a class of similarly situated consumers, requests the following relief:

a. Certification of this Action as a Class Action;

b. actual damages;

c. statutory damages;

d. punitive damages;

e. statutory attorney's fees;

f. injunctive relief;

g. costs provided for by statute and court rule; and

h. and such other relief the Court deems just, equitable and proper.

Respectfully submitted this on the 30th day of June 2022.

*/s/ Earl P. Underwood, Jr.*
**Earl P. Underwood, Jr.**
**21 South Section Street**
**Fairhope, Alabama 36532**
**Telephone: 251-990-5558**
**Facsimile:  251-990-0626**
**epunderwood@alalaw.com**

***Attorney for Plaintiff Lindsey J. Tompkins***

**ADDITIONAL DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Infinity Client Solutions, LLC
c/o Capital Administrations, LLC
1712 Pioneer Ave Ste 115
Cheyenne, WY 82001